11-932-ag
Moore v. Holder

BIA
Montate, IJ
A029 749 3343

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand twelve.

PRESENT:
    JOSÉ A. CABRANES,
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
        *Circuit Judges.*

_____

JOSEPH TAMBA MOORE,
        *Petitioner,*

    v.                                          11-932-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Joseph Tamba Moore, *pro se*,
                         Rochester, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Francis W. Fraser, Senior
                         Litigation Counsel; Linda Y. Cheng,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Joseph Tamba Moore, a native and citizen of Liberia, seeks review of a February 10, 2011, order of the BIA affirming the April 21, 2009, decision of an Immigration Judge ("IJ"), which denied his applications for asylum and withholding of removal. *In re Moore*, No. A029 749 343 (B.I.A. Feb. 10, 2011), *aff'g* No. A029 749 343 (Immig. Ct. Buffalo Apr. 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, considering all grounds for the IJ's adverse credibility determination, *see Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005), but not the alternate findings that the BIA did not review, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We deny the petition for review, as the agency's adverse credibility determination is supported by substantial evidence.

In finding Moore not credible, the agency reasonably relied on inconsistencies between his hearing testimony and his written asylum applications, and on lack of detail in his hearing testimony. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003).[*] For example, although Moore testified before the IJ that rebels kidnapped him in 1987 and killed his brother and daughter in 1990, he made no such claims in his written applications. Moreover, he did not testify at the merits hearing that he feared persecution because of his tribal affiliation, even though that was the primary argument in his initial written application. Because these inconsistencies go to the heart of Moore's persecution claims, and were "substantial" when measured against the record as a whole, the agency did not err in relying on the inconsistencies to find him not credible. *See Secaida-Rosales*, 331 F.3d at 308-09. Furthermore, Moore testified at his hearing that his family members were threatened, but he was unable to provide detail, even when

---

[*] In *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008), we recognized that the Real ID Act abrogated in part the holding in *Secaida-Rosales* for cases filed after May 11, 2005, the effective date of the Act. *Id.* Because Moore's initial application was filed before this date, *Secaida-Rosales* remains good law. *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 287 n.6 (2d Cir. 2009).

asked.  *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("spare" testimony can support adverse credibility finding where attempt was made to elicit detail).

Although Moore broadly argues that this Court should excuse these inconsistencies and omissions because of his stroke, he has provided no evidence that he had a stroke, let alone evidence of when the stroke occurred or how it affects his memory.  Therefore, the IJ was not compelled to accept the explanation, *see Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005), and Moore has not negated the substantial evidence that supports the IJ's adverse credibility determination, *see Diallo v. BIA*, 548 F.3d 232, 234 (2d Cir. 2008).

Additionally, the IJ did not err in refusing to admit the untimely-filed copy of Moore's daughter's death certificate into evidence.  "[A]n IJ has broad discretion to set and extend filing deadlines pursuant to 8 C.F.R. § 1003.31." *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).  Moore, who was represented by counsel in the proceedings before the IJ, has never argued that he was unaware of the IJ's deadline for the filing of exhibits.  Moreover, Moore did not provide good cause to excuse the

4

untimely filing, since he admittedly requested the document only one month before the merits hearing, even though he received the Notice to Appear in 2007, and has conceded that he knew it would be difficult to obtain documents from Liberia.

Since the only evidence of a threat to Moore's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on both his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk